IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:16-CR-00045-M

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AMEER ABU-HAMMAD, <br><br> Defendant. | ORDER |

This matter comes before the court on Defendant's Motion for Early Termination of Supervised Release [DE 61]. For the following reasons, the motion is denied.

## I. Background

On March 28, 2016, Defendant pleaded guilty to a Criminal Information alleging that he knowingly accessed with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). DE 29. On August 2, 2016, the Honorable W. Earl Britt sentenced Defendant to time served—which, at that time, was seven months and eleven days—to be followed by ten years of supervised release. DE 43. Judge Britt granted the significant fifty-month downward variance from the bottom of the guideline range based on Defendant's youth and mental and emotional condition at the time of the offense. DE 44.

On January 9, 2019, roughly two-and-a-half years into Defendant's term of supervised release, the U.S. Probation Office discovered multiple images of child pornography on his cell phone. DE 46. The U.S. Probation Office moved for revocation of supervised release, and the Honorable James C. Dever III revoked Defendant's term and sentenced him to six months of

imprisonment, to be followed by the remaining balance of supervised release originally imposed. DE 60.

On September 22, 2025, Defendant moved for early termination of supervised release. DE 61. He argues that his recent compliance with supervision, history of stable employment, and difficulty securing travel approval justify his request, which he says would allow him to "fully integrate into society by advancing [his] career, pursuing educational opportunities, and supporting [his] family." *Id.* at 1–2.

The United States counters that Defendant's motion should be denied because he has not demonstrated any new or unforeseen circumstances that justify early termination. DE 67 at 4. Specifically, it argues that the seriousness of the underlying offense and Defendant's history of violating his release conditions should foreclose the requested relief.[1] *Id.* After careful consideration, the court agrees.

## II. Discussion

The court has the authority to terminate a term of supervised release after consideration of the factors set forth in 18 U.S.C. § 3553(a) and the expiration of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The phrase 'the interest of justice' . . . give[s] the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Early termination has been found to be appropriate "when the defendant has exhibited exceptionally good behavior that makes the previously imposed term of supervised release either

---

[1] The U.S. Probation Office has also filed a memorandum in opposition to Defendant's motion. DE 63. It recommends denial solely based on the severity of the underlying offense. *Id.*

too harsh or inappropriately tailored to serve general punishment goals." *United States v. Brown*, No. 3:19-cr-265, 2024 WL 3997079, at *1 (W.D.N.C. Aug. 29, 2024) (quoting *Folks v. United States*, 733 F.Supp.2d 649, 651 (W.D.N.C. 2010) (internal citation omitted)).

After consideration of Defendant's conduct on release and the relevant § 3553(a) factors, the court finds that early termination is inappropriate. The thrust of Defendant's argument is that following his most recent stint in custody, he finally understood the gravity of his actions and turned his life around, as evidenced by his compliance with conditions of supervised release. *See generally* DE 61. The court finds this argument is at least partially corroborated by the U.S. Probation Office, who notes that during his second term of supervised release, Defendant "has reported as directed, participated in sex offender specific treatment monthly, participated in medication management to address ADHD, maintained full-time employment, obtained an automotive mechanic certificate, and has not received any new criminal charges." DE 63. This report is welcome news, but "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass" of federal supervision. *Folks v. United States*, 733 F. Supp. 2d 649, 652 (E.D.N.C. 2010). And Defendant has not even demonstrated that. He previously violated his release conditions by committing the same offense for which was initially convicted: possessing child pornography. While Defendant may have since turned a corner—time will tell—the court cannot characterize his behavior on supervised release as "exceptionally good." *See Brown*, 2024 WL 3997079, at *1.

Moreover, Defendant has not demonstrated that his term of supervised release is "too harsh or inappropriately tailored" to serve the goals of sentencing. *See id.* He argues that early termination would allow him to advance his career, pursue educational opportunities, and support his family, but the record reflects that he has already been doing that. By his own admission,

3

during this term of supervision, he graduated from Wake Tech Community College, maintained steady employment, and developed a variety of professional skills. DE 61 at 1–2. There is no indication that an additional one-and-a-half years of supervision would inhibit similar behavior going forward. Further, to the extent Defendant challenges his travel restrictions as burdensome on his ability to maintain familial relationships, the court finds that, on balance, they remain appropriate. Defendant's initial encounter with federal law enforcement was occasioned by his use of social media to express support for foreign terrorist groups. DE 34 at ¶ 3. Foreign travel restrictions remain appropriate, therefore, to guard against similar behavior.

For these reasons, the court finds that early termination of supervised release would not be in the interest of justice. *See* § 3583(e)(1). Accordingly, Defendant's motion [DE 61] is DENIED.

SO ORDERED this 29th day of October, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE